UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY SALMO,                                              Case No. 11-14926

             Plaintiff,                          District Judge Robert H. Cleland

v.                                                        Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

_____/

### REPORT AND RECOMMENDATION

This is a Social Security appeal. On November 8, 2011, Plaintiff Johnny Salmo filed a *pro se* complaint under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. The case has been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for Plaintiff's failure to prosecute.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2009, Plaintiff filed an application for DIB and SSI, alleging disability as of June 11, 2006. He later amended the onset of disability date to June 1, 2008. He claims disability as the result of mental impairments, including schizoaffective disorder, bipolar disorder and delusional disorder. Following initial denial of the claim, and administrative hearing was held on February 28, 2011, with Administrative Law Judge ("ALJ") Michael R. McGuire presiding from Chicago. The Plaintiff, represented by attorney Michael Cantor, appeared by video conference from Oak Park, Michigan, and testified in his own behalf.

Vocational Expert ("VE") Edward Pagella also testified.

On April 22, 2011, ALJ Pagella issued a written decision finding that Plaintiff was not disabled. On September 6, 2011, the Appeals Council denied review. Plaintiff filed his *pro se* complaint in this Court on November 8, 2011.

On February 1, 2012, the Court entered a scheduling order setting a March 5, 2012 deadline for Plaintiff to file a motion for summary judgment [Doc. #11]. Plaintiff did not meet that deadline. On March 26, 2012, I entered an order directing Plaintiff to show cause in writing, within 14 days of the date of my order, why I should not recommend that the case be dismissed for failure to prosecute [Doc. #12]. To date, Plaintiff has neither responded to the show cause order nor filed a motion.

## II.    LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S.

626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, \*2 (E.D.Mich. 2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

### III.    DISCUSSION

As to the first *Knoll* factor, and without addressing the issue of willfulness or bad faith, this *pro se* Plaintiff is clearly at fault for not complying with the Court's scheduling order. Not only did he fail to file a timely summary judgment motion, but he also disregarded my show cause order of March 26, 2012. It is now November, and it appears that the Plaintiff

-3-

has simply abandoned his case.

Looking at the second factor, there is no identifiable prejudice to the Defendant at this point, beyond the lengthy passage of time. The third factor, however, weighs heavily against the Plaintiff, since he was given very clear notice in the show cause order that his failure to take action could lead to dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra*. Given the Plaintiff's lack of attention to his case, and the warning that was given in the March 26, 2012 show cause order, the only appropriate sanction is dismissal.

Numerous judges in this District have dismissed Social Security complaints under Rule 41(b) where the Plaintiff has neither filed a summary judgment motion nor responded to a show cause order. *See Herbers v. Comm. of Soc. Sec.*, 2012 WL 12761 (E.D. Mich. 2012)(Cook, J.);*Yax v. Comm. of Soc. Sec.*, 2011 WL 3034914 (E.D. Mich. 2011)(Battani, J.); *Gayles v. Comm. of Soc. Sec.*, 2010 WL 3582553 (E.D. Mich. 2010)(Rosen, J.); *Montgomery v. Comm. of Soc. Sec.*, 2010 WL 2181431 (E.D. Mich. 2010); *Miles–Richardson v. Comm'r of Soc. Sec.,* No. 09–11275, 2010 WL 1790976 (E.D.Mich. 2010) (Zatkoff, J.); *McNaughton v. Comm'r of Soc. Sec.,* No. 09–10766, 2009 WL 4646029 (E.D.Mich. 2009) (Borman, J).

I recognize that the Court came to a contrary conclusion in *Wright v. Comm. of Soc. Sec.*, 2010 WL 5420990 (E.D. Mich. 2010)(Friedman, J.). Citing *Kenney v. Heckler*, 577 F.Supp. 214 (N.D. Ohio 1983), the Court in *Wright* held as follows:

> "[T]his Court holds that a complaint filed pursuant to 42 U.S.C. § 405(g) appealing the Secretary's final decision denying Social Security disability benefits, may not be dismissed for failure of the plaintiff to prosecute when the plaintiff fails to file a summary judgment motion as requested by the Magistrate....Stated another way, once the plaintiff has filed a complaint stating his grounds for appeal from the Secretary's decision, he has done all

that is required of him by § 405(g)." *Id*. at *3.

The *Wright* decision then went on to review the record in the merits, and remanded the case for an award of benefits.

The Sixth Circuit has not weighed in on whether Rule 41(b) is an appropriate basis to dismiss a Social Security appeal brought under § 405(g), and the divergence of views within this District (with the majority opting to dismiss such cases for failure to prosecute) shows that reasonable jurists may differ on this issue.[1] Under the facts of this case, however, dismissal is the preferred remedy. The Plaintiff was ordered not only to file a summary judgment motion, but to show cause why the case should not be dismissed. He knew he had an obligation to file something, but has let the case stagnate for months.

Moreover, the administrative record in *Wright* clearly showed that the ALJ's decision to deny benefits was not supported by substantial evidence, and the case was remanded for an award of benefits, the court noting that "proof of plaintiff's disability is strong and evidence to the contrary is non-existent." *Id*. at 9. In contrast, a review of the record in this case shows that the ALJ's decision is well-supported and well-reasoned. At Step Two of the administrative sequence of inquiry, the ALJ found that Plaintiff had the severe impairments

---

[1] In dicta, *Wright* stated, "Whether a *pro se* plaintiff's failure to file a summary judgment motion, contrary to a magistrate judge's order, can ever constitute such delay or misconduct [supporting dismissal under Rule 41(b)] may be debatable." However, in *Jourdan v. Jabe*, *supra*, 951 F.2d at 110, the Sixth Circuit appears to have resolved the debate, at least as it applies to non-Social Security cases. Affirming the dismissal of a *pro se* case for failure to prosecute, the Court stated:

"However, no persuasive reason has been posited why Jourdan should be accorded special consideration under the circumstances of this case. His action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize."

of schizoaffective disorder, bipolar I disorder, depression with psychotic features, delusional disorder, and alcohol and cocaine abuse, in remission (Tr. 12). However, in a thorough and well-explained Step Three analysis, the ALJ found that these impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically the criteria of listings 12.03, 12.04 and 12.09. (Tr. 13). He found, based on the record, that Plaintiff has only a mild restriction in activities of daily living; moderate difficulties in social functioning; and moderate limitations in concentration, persistence or pace. *Id*. The ALJ found that the Plaintiff "has experienced no episodes of decompensation, which have been of extended duration." *Id*. He found that the "paragraph B" criteria were not satisfied because the Plaintiff's impairments did not cause at least two "marked" limitations, and that the Plaintiff did not experience "repeated" episodes of decompensation of extended duration. *Id*. He found that the "paragraph C" criteria were not established because "there is no establishment of repeated episodes of decompensation, propensity toward decompaensation or a need for a highly supportive living arrangement." *Id.*

The ALJ found that the Plaintiff had the Residual Functional Capacity ("RFC") "to perform unskilled work without contact with the public and only limited contact with supervisors and co-workers." (Tr. 14). In so finding, he appropriately rejected the Plaintiff's credibility because his claims of limitations "were not supported by the medical evidence of record or by his own testimony concerning his activities." (Tr. 16). Noting that the Plaintiff's testimony was vague and evasive, the ALJ observed that his claims of extreme paranoia and social phobia stood at odds with his social activities, which included going out to eat and then going to a hookah bar with friends, borrowing his father's car and going drinking with friends, and undertaking normal activities such as shopping and getting haircuts. (Tr. 15). Even so, the ALJ assigned more restrictions than recommended by the state agency medical

consultant, stating, "I find based on the record as a whole, the claimant is somewhat more restricted and must avoid contact with the public and have only limited contact with co-workers and supervisors." (Tr. 16). Again in deference to Plaintiff's limitations, the ALJ found that Plaintiff could not perform his past relevant work, because that work was semi-skilled to skilled, whereas his RFC allowed only for unskilled work. Rather, at Step Five of the analytical framework, the ALJ accepted the job findings of the Vocational Expert, and found that Plaintiff could perform the requirements of a hand packer (470,000 jobs in the national economy), assembler (560,000) and sorter (102,000) (Tr. 16-17).

Unlike the situation in *Wright*, it cannot be said that the evidence supporting the ALJ's finding that Plaintiff is not disabled is "non-existent."

The lengthy time that has passed since Plaintiff was ordered to file his motion for summary judgment and to respond to the show cause order is a more than "reasonable time" within the meaning of L.R. 41.2. The Plaintiff's failure to respond in any manner suggests an intent to abandon this litigation. Insofar as Plaintiff has taken no action, even after the Court sent him notice of the consequences of failure to comply with the show cause order, dismissal is appropriate. Further, Fed.R.Civ.P. 41(b) states that a dismissal under that subdivision "operates as an adjudication upon the merits." Therefore, dismissal should be with prejudice.

## IV.   CONCLUSION

I therefore recommend that the Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); and *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  November 27, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 27, 2012.

Johny Salmo                                           s/Johnetta M. Curry-Williams
2886 S Livernois Rd                              Case Manager
Rochester Hills, MI 48307-4423